# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

March 1, 2017

Edward C. Gill, Esq.
Law Office of Edward C. Gill, & Associates
16 North Bedford Street
Georgetown, DE 19947

David C. Malatesta, Jr., Esq.
Kent & McBride, P.C.
824 North Market Street
Suite 805
Wilmington, DE 19801

Monica E. O'Neill, Esq.
Four Penn Center
1600 JFK Blvd., Suite 620
Philadelphia, PA 19103

> **RE:**  ***Robert Bangs v. Diana & Dawn Follin***
> ***K15C-05-008 JJC***

Counsel:

This premise liability matter was tried by a jury during the week of January 23, 2017.   Defendants, as the prevailing parties, seek recovery of costs pursuant to Superior Court Civil Rule 54.   The Court has reviewed Defendants' motion for costs and the Plaintiff's response.   While the majority of the costs sought in this case are unopposed, Plaintiff objects to the award of expert fee reimbursement for the Defendants' liability expert, Mr. Hrobak.   Section 8906, of Title 10, Delaware Code provides for the inclusion of expert fees in an assessment of costs after trial.   Plaintiff objects, however, alleging a lack of detail submitted by the Defendants in support of the request.

The Court agrees that the invoice submitted does not sufficiently detail or support the expert fees sought. The burden is on the prevailing party to justify and substantiate the award of costs by both hourly rates (testimony versus travel) and specification as to the amount of time spent.[1] Here, the invoice does not itemize hourly rates applicable to trial or travel, or offer a breakdown between trial testimony and travel time. As the prevailing party, Defendants are permitted these costs at the discretion of the Court,[2] but must furnish the Court with an itemization by rate and time spent before such expenses will be awarded. Accordingly, the Court will defer its award of costs in this case to permit the Defendants time to supplement their motion with sufficient detail to justify the award of expert fees for Mr. Hrobak's trial testimony, as well as his travel time to and from Court.

Expert fees for the testimony for the Defendants' medical expert, Mr. Hrobak's mileage and meal expense, and court costs are all recoverable in this case in the amount requested. If Defendants continue to seek expert fee reimbursement for Mr. Hrobak, they must furnish the Court with sufficient substantiation for these fees by no later than March 9, 2017. Thereafter, if opposed, Plaintiff must respond by no later than March 16, 2017. At the conclusion of the submission, the Court will issue an order of final judgment, inclusive of awardable costs.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[1] *Russo v. Medlab Clinical Testing, Inc.*, 2001 WL 34082277, at *4 (Del. Super. Nov. 14, 2001).

[2] *See Dunning v. Barnes*, 2002 WL 31814525 (Del. Super. Nov. 4, 2002) (recognizing the discretion afforded the Court in such an award).